

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00394-CV

Stephanie **GONZALEZ**, as Successor Councilmember of Converse to Jacqueline Angulo;
Kassandra Leon, as Successor Councilmember of Converse to Nancy Droneburg; and Stacy L.
Adams, Sr., as Successor Councilmember of Converse to Christopher L. Clark,
Appellants

v.

Katherine **SILVAS**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI22419
Honorable Marialyn Barnard, Judge Presiding[1]

PER CURIAM

Sitting:      Irene Rios, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 21, 2024

DISMISSED FOR LACK OF JURISDICTION

On June 7, 2024, appellants Stephanie Gonzalez, Kassandra Leon, and Stacey L. Adams,

Sr. filed a notice of interlocutory appeal challenging the trial court's order denying their plea to

the jurisdiction. On July 17, 2024, appellee Katherine Silvas filed a motion to dismiss this appeal.

Silvas argued that she non-suited her claims against Gonzalez, Leon, and Adams on July 16, 2024

---

[1] The Honorable Rosie Alvarado is the presiding judge of the 438th Judicial District Court. The Honorable Marialyn Barnard, presiding judge of the 73rd Judicial District Court, signed the order denying appellants' plea to the jurisdiction.

and that her non-suit rendered this appeal moot. *See* TEX. R. CIV. P. 162; *Morath v. Lewis*, 601 S.W.3d 785, 787–88 (Tex. 2020) (per curiam).

On July 23, 2024, we ordered appellants to file a response to Silvas's motion to dismiss. In their response, appellants agreed that Silvas's non-suit of her claims against them mooted this appeal. They argued, however, that Silvas's prior refusal to non-suit her claims had necessitated the filing of the appeal. They also argued that Silvas had requested the inclusion of "vast amounts of unnecessary documents" in the appellate record. For these reasons, appellants asked this court to tax the costs of the appeal against Silvas.

Silvas filed a reply, arguing that appellants had engaged in "dilatory tactics . . . throughout years of litigation" and that her supplementations of the record were necessary to establish this history. She argued that the court should therefore tax the costs of this appeal against appellants.

After reviewing Silvas's motion to dismiss, appellant's response, Silvas's reply, and the applicable law, we agree that Silvas's non-suit of her claims against appellants rendered this appeal moot. *See, e.g.*, *Klein v. Hernandez*, 315 S.W.3d 1, 3–4 (Tex. 2010). We therefore dismiss this appeal for lack of jurisdiction. *See Morath*, 601 S.W.3d at 792. For good cause, we order the costs of this appeal to be paid by the parties who incurred them. *See* TEX. R. APP. P. 43.4.

PER CURIAM